For Plaintiff: John P. Brennan.

For Defendant: Clifford Whipple and Alanzo R. Williams.

---

214

John Grimes
et al.
vs.
State Board of
Agriculture et al.

Eq.No.4434

DECISION
July 13, 1918.

BROWN, J. The complainants aver that they are engaged in the business of buying and selling milk and cream from producers of said products for the purpose of shipping the same into cities and towns of this state for consumption; that Chapter 1656 of the Public Laws "to regulate the sale of milk" requires that persons before entering or continuing in said business shall obtain a license therefor, pay a license fee thereon, and file a bond with certain conditions, specifying the same. They further aver that said Chapter 1656 is unconstitutional and void. They aver that the respondents, viz: the State Board of Agriculture and the Attorney General, acting under authority of said Chapter 1656, threaten to and will, unless prevented by order of this Court, proceed to carry out and enforce the provisions of said Chapter to their great pecuniary and irremediable detriment and injury.

They pray that this Court decree that said Chapter 1656 of the Public Laws is unconstitutional and void and of no effect, and that the respondents be restrained by injunction of this Court preliminary until the final decree is this cause, and perpetual

thereafter, from enforcing and carying into effect Chapter 1656 or any of, its provisions. The complainants do not suggest that this Court has jurisdiction to declare the act unconstitutional, but insist that it has authority to issue a restraining order to hold the matter in statu quo pending a decision of the Supreme Court upon the constitutionality of the act.

In the case of Blackstone Hall Co. vs. R. I. Hospital Trust Co., Trustee, et al., 39 R. I. 69, the Supreme Court holds that as a preliminary injunction "is not a formal determination of the rights of the parties," and as its office is to hold matters in statu quo, it will not as a rule be interfered with unless it be reasonably clear that it has been exercised in an illegal manner, and the Court adds: "To authorize its issuance however, the complainant must at least make out a prima facie case."

So in Rhodes Brothers Co. vs. Musicians' Union, 37 R. I. 281, the Supreme Court says, "the complainant, in order to get a preliminary injunction must sustain the burden of satisfying the Court that there is a substantial question to be tried." "The act must not only be injurious, but it must also be unlawful."

The complainants in the cause at bar cannot therefore secure the issuance of a preliminary injunction without making "a prima case;" in other words, without satisfying this Court that the acts apprehended and sought to be injoined are "unlawful." The answer to these questions depends upon the constitutionality of the act. If the act brought in question is constitutional, no case is made out; the apprehended acts are not unlawful and no injunction should be decreed. If the act is unconstitutional, a case is made out, the apprehended acts are unlawful and an injunction should be decreed. A decision of this Court, therefore, to the effect that the act is unconstitutional is required before it can decree an injunction as prayed.

Prior to the enactment of the Court and Practice Act in 1905, when the constitutionality of an act was brought in question in a civil cause, if the parties did not concur in stating a question for the Appellate Division, the Court before which the cause was pending was required to rule the act to be constitutional. But this was changed by the Court and Practice Act. The provision for the determination of constitutional questions enacted by that act is to be found in General Laws, 1909, Chap. 298, Sec. 1, and is as follows:

"Whenever in any action or proceeding, civil or criminal, pending before any court, the constitutionality of an act of the General Assembly shall be brought in question upon the record, the Court shall forthwith certify the question to the Supreme Court to be heard and determined."

The above provision prohibits this Court from even formally ruling the act to be constitutional. The only action this Court can take is to certify the question, and that must be done forthwith.

This Court cannot issue a preliminary injunction as prayed. It cannot act to determine that a prima facie case is made, without which no preliminary injunction can issue.

The prayer for a preliminary injunction is denied.

### 216

In accordance with the decision in Blais vs. Franklin, 30 R. I. 413, the question of the constitutionality of Chapter 1656 of the Public Laws, brought upon the record in said cause as above, is ordered certified to the Supreme Court to be heard and determined.

For Complainants: Stephen G. Casey and Joseph C. Cawley.

For Respondent: Attorney General.